Gabrielli, J.
The defendant seeks to have set aside his conviction, upon his plea of guilty, of the crime of attempted criminal possession of a dangerous drug. The Appellate Division has affirmed (44 AD2d 910) and the defendant contends, basically, that there was a lack of probable cause to authorize the seizure of a quantity of heroin.
While riding in the right rear passenger seat of a marked patrol car on West 116th Street in New York City, the arresting officer observed defendant leaning against the rear of a parked vehicle, holding a stack of glassine envelopes in his partially cupped hand, the open portion of which was facing the street. The record showed that this officer had previously made over 100 narcotics arrests, more than half of which involved glassine envelopes, and that he had received formal training in drug detection. Upon completion of a suppression hearing at which the arresting officer and the other two officers present in the car testified, the hearing Judge in an oral decision made a finding that "he [the arresting officer] saw what looked like plastic envelopes — what they call glassine envelopes, in the manner in which he described it in this courtroom, and that seeing that at a moments notice, he ran out of the car, and as he got there — the defendant now realizing that there was a [uniformed] officer coming — attempted to get rid of it in any way he did, and he dropped it or threw it — anyway you want to describe the manner. And he [the officer] grabbed his [defendant’s] hands. * * * I find that to be a proper search”.
In view of these affirmed findings of fact, there must be an affirmance. In addition to the officer’s observation of "a quantity” of glassine envelopes, a "telltale sign of heroin” (People v Corrado, 22 NY2d 308, 313; see, also, United States v Mont, 306 F2d 412, 414, cert den 371 US 935; United States v Moon, 351 F2d 464, 465, cert den 383 US 929), it was found that the *204 arresting officer was trained and experienced in narcotics police work (People v Valentine, 17 NY2d 128) and, perhaps most important, that, prior to the arrest, the defendant dropped or threw the envelopes, thereby evincing a consciousness of guilt upon seeing the approaching uniformed officer (People v Butterly, 25 NY2d 159, 162-163). In these circumstances, where more than one inference may be drawn from the facts, the question of probable cause is primarily one of fact (People v Oden, 36 NY2d 382), and this court has no power to review factual determinations, save the situation, not now before us, where upon any view of the facts, probable cause does not exist (People v Leonti, 18 NY2d 384, 390 and the authorities cited therein; Cohen and Karger, Powers of the Court of Appeals [rev ed], § 198, p 742).
The order of the Appellate Division should be affirmed.