Memorandum. The order of the Appellate Division should be affirmed.
 

 Whether reasonable cause exists to conduct a warrantless search and seizure is essentially a factual determination and, as such, is beyond the scope of the power of review of this court unless, of course, the determination is erroneous as a matter of law
 
 (People v Alexander,
 
 37 NY2d 202, 204, and the authorities cited therein). No error of that magnitude is evident on the record now before us. The only evidence
 
 *213
 
 adduced at the suppression hearing was from the two undercover police officers who testified that based on information supplied by two informers and corroborated by their own visual observations, they concluded that defendant, a bartender, was storing a quantity of cocaine in the kitchen refrigerator of the bar where he worked, and had sold the drug to a patron. The officers further testified that defendant was not informed of his constitutional rights nor arrested until after the refrigerator was opened in his presence and its contents examined. In view of our limited power of review, we conclude that the courts below could properly have found that the search and seizure were properly conducted; that "there was not a wide-ranging, exploratory, rummaging, or routine search of the character condemned in
 
 Chimel v. California
 
 (395 US 752)”
 
 (People v Clements,
 
 37 NY2d 675, 680; see, also,
 
 People v Fitzpatrick,
 
 32 NY2d 499, 508; cf.
 
 People v Floyd,
 
 26 NY2d 558, 563).
 

 The claim that the testimony of the officers was so riddled with inconsistencies and improbable fortuities that it must be deemed incredible as a matter of law must be rejected. Not only are the alleged discrepancies insignificant in comparison to the totality of the officers’ testimony, but they bear little, if any, relevance to the fundamental factual issues. To the extent that the credibility of the balance of their testimony is challenged, we need only reiterate that credibility is a factual issue which is not generally within the competence of our review
 
 (People v Alexander,
 
 37 NY2d 202, 204,
 
 supra).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.