Gabrielli, J.
The issue presented is whether the search of defendant’s person and the consequent seizure of a loaded firearm were justified as incident to a valid arrest on another charge. Upon this appeal, we are concerned only with the conviction resulting from the seizure of the weapon.
The defendant maintains that the weapon seized, following his arrest for criminal possession of stolen property, should *610 have been suppressed because, as he claims, the arrest was not based on probable cause. The suppression hearing court found that the police acted with probable cause and the defendant thereupon pleaded guilty to the crime of attempted criminal possession of a weapon in the third degree. The defendant also pleaded guilty, under a separate indictment, to the crime of attempted possession of stolen property which charge was based upon the seizure of stolen coins in the basement of a house owned by the defendant, pursuant to a warrant authorizing a search "for * * * coins * * * removed from the premises of Ralph Jones”. The weapon charge arose from a search incident to the defendant’s arrest on another charge of possession of stolen property, stemming from seizure of stolen coins at a tire shop in the precincts of and at which the defendant was found. The Appellate Division invalidated the search warrant and ordered the suppression of the stolen coins seized in the search of defendant’s basement but affirmed the conviction for attempted criminal possession of a weapon.
A large and valuable coin collection was purloined from the home of one Ralph C. Jones in the fall of 1973. While the police had recovered part of the stolen collection from a house owned by the defendant, the greater part of the collection was still missing in October, 1974. At that time one Albert Traniello offered to sell a coin collection for $80,000 to an undercover Federal agent who was one of a group of law enforcement officers investigating the theft of the Jones coin collection. Traniello told the agent that the coins had been stolen by a "good friend, and an excellent burglar, who had previously been arrested by a police agency.” The agent was then taken by Traniello to the latter’s place of business, the A & A Tire Shop in Jamestown, New York. While the two were negotiating the terms of the sale, State and Federal agents were outside maintaining surveillance of the premises. The undercover agent left the building, and utilizing a prearranged signal, alerted the backup team that coins from the Jones collection were on the premises. The leader of the team, Senior Investigator Munch, accompanied by Investigator Fiegl, followed their fellow agent into the building. As they approached the entrance, the investigators spotted the defendant lolling around in front of the workshop area about 30 feet from the office door. Munch was aware that the defendant had *611 been linked to the burglary of the Jones collection and had been arrested in connection therewith.
The coins had been shown to the undercover agent in a small room behind the office of the tire shop; and when Munch and Fiegl entered this room they observed that the coins were mounted in cardboard containers imprinted with the name "Ralph C Jones.” The undercover agent had already placed Traniello under arrest and Munch directed Fiegl to place the defendant under arrest. Fiegl proceeded to do so by identifying himself and informing the defendant that he was under arrest, at which time the latter sought to escape but two other police officers came to Fiegl’s assistance and the defendant was apprehended. A loaded revolver, the weapon involved in the present case, was discovered in the pocket of his jacket.
Both courts below found that defendant’s arrest was based on probable cause that he had committed the crime of possession of stolen property. In light of this factual determination, which finds ample support in the record (see People v Alexander, 37 NY2d 202, 204), the search incident to the defendant’s arrest was lawful. Several months earlier police investigative efforts, culminating in the defendant’s arrest, had identified him as the perpetrator of the burglary of the very same coin collection which, at the time of the instant arrest, was in the process of being "fenced” in a tire shop while the defendant was on the premises. The police could reasonably conclude that it was not pure coincidence that the defendant, from whose basement a portion of the coin collection had been recovered, was present in the immediate area where an $80,-000 sale of the remainder of the coin collection was being transacted. The facts within the knowledge of the police officer who directed defendant’s arrest were " 'sufficient in themselves to warrant a man of reasonable caution in the belief that’ an offense has been or is being committed” (Brinegar v United States, 338 US 160, 175-176, quoting from Carroll v United States, 267 US 132, 162; see, also, People v Valentine, 17 NY2d 128; CPL 140.10, subd 1, par [b]).
The defendant also asserts on this appeal that the invalidity of the search warrant authorizing the prior search of his house "tainted” the subsequent arrest for the weapon charge. Because the issue was not preserved we do not face the question whether, had the issue been preserved, information obtained under an illegal search warrant, though inaccessible *612 in a criminal proceeding for the first crime, may nonetheless provide probable cause with respect to subsequent separable criminal activity (cf. People v Clark, 41 NY2d 612).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.