Chief Judge Cooke
(concurring in part and dissenting in part). I concur in the result arrived at by the majority insofar as the order of the Appellate Division is reversed, the judgment and plea are vacated, the statement is suppressed and the case is remitted to Supreme Court, Queens County, for further proceedings. I dissent from that part of the majority’s determination which fails to suppress certain physical evidence — two sticks defendant was carrying and which were seized from him by the police.
*217 I cannot agree that the two sticks seized from defendant need not be suppressed. In permitting that evidence to be introduced, there is disregard of the clear command of the Legislature that property taken in a "stop and frisk” situation be returned if the suspect is not arrested or possession of the property is not found unlawful (CPL 140.50, subd 3). The flaw in the majority’s rationale, however, is more fundamental than a statutory violation, for it ignores the mandate of the Fourth Amendment. Absent a warrant, a seizure is per se unlawful unless effected under circumstances coming within a generally recognized exception (Coolidge v New Hampshire, 403 US 443). Even under the exceptions, however, a seizure must be supported by probable cause (see, e.g., People v Clements, 37 NY2d 675, 678; People v Alexander, 37 NY2d 202, 203-204). As is tacitly conceded, the seizure was not supported by probable cause and, thus, was constitutionally infirm.
This is not meant to cast doubt on the constitutionality of CPL 140.50. The propriety of an initial seizure in the circumstances contemplated by the statute is well settled (see Terry v Ohio, 392 US 1). However, when the encounter does not give rise to probable cause to believe that the items are fruits, instrumentalities, contraband or evidence of a crime, the statute and Constitution command that the items be returned (see CPL 140.50, subd 3; Terry v Ohio, supra). Under the majority’s reasoning, any article a citizen happens to possess may be confiscated or retained — not on the basis of probable cause to believe that the property is unlawfully possessed or is evidence of a crime — but on the mere whim or caprice of the police officer.
Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Chief Judge Cooke concurs in part and dissents in part in a separate opinion in which Judge Gabrielli concurs.
Order reversed, etc.