■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK DI GIROLAMO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 12, 1982, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant asserts that the evidence was insufficient to prove his guilt beyond a reasonable doubt and to establish the crime of robbery in the first degree. In view of the jury verdict we must view the evidence in a light most favorable to the People (*People v Piazza,* 48 NY2d 151, 158-159; *People v Kennedy,* 47 NY2d 196, 201). Minor discrepancies between the testimony of witnesses is not sufficient to show that a witness's testimony was incredible as a matter of law (*People v Gruttola,* 43 NY2d 116; *People v Rosenfeld,* 93 AD2d 872). Credibility is a matter reserved exclusively for the jury (*People v Concepcion,* 38 NY2d 211; *People v Rosenfeld, supra*) and we are traditionally resistant to second-guessing its determination on this issue (*People v Rodriguez,* 72 AD2d 571). There was sufficient evidence in the record, if credited by the jury, to sustain its conclusion that defendant was the perpetrator.

Likewise, there was sufficient evidence to establish the threatened use of a dangerous instrument to meet the requirements of robbery in the first degree (Penal Law § 160.15 [3]). A threat to immediately use a dangerous object need not be accompanied by a verbalization (*People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087). Here defendant's conduct in surrounding the complainant with his accomplices, ordering the complainant

to surrender his minibike and, when complainant refused, "grab[bing]" for a knife constitutes the threatened immediate use of a dangerous instrument. Although the complainant never saw the blade of the knife, his description of it which indicated it was a sheathed hunting type knife was sufficient to establish that defendant threatened to use a "dangerous instrument" (*People v Pena, supra; cf. People v Barnes,* 99 AD2d 877, 878). Lazer, J. P., Brown, Niehoff and Lawrence, JJ., concur.