■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON C. PEAK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered March 13, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the trial evidence in a light most favorable to the People, as we must, the identification of the defendant as the perpetrator of the robbery was proven beyond a reasonable doubt. Although the trial testimony of the complaining witness was impeached at some points by his prior inconsistent statements, the issue of a witness's credibility is one for the jury to decide (see, People v Cohen, 223 NY 406; People v Di Girolamo, 108 AD2d 755), and we do not find that this witness's testimony was incredible as a matter of law. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PEREZ, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Giacco, J.), both rendered September 4, 1985, convicting him of burglary in the third degree pursuant to indictment No. 96/85, and burglary in the second degree pursuant to indictment No. 885/85, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

On this record, the sentencing court did not abuse its discretion in denying the defendant's motion to withdraw his guilty pleas. There is absolutely no support for the defendant's claim that his assigned counsel was, in effect, not affording him adequate representation. Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.