■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID E. THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 15, 1983, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's challenge to the hearing court's denial of that branch of his omnibus motion which was to suppress the handgun seized from his automobile is without merit. The Judge presiding at the suppression hearing credited the testimony of the police officer that he observed a gun in plain view on the floor of the defendant's vehicle. This testimony was not inherently improbable or incredible as a matter of law so as to lead this court to substitute its judgment for that of the hearing court (see, e.g., People v Miller, 124 AD2d 599; People v Africk, 107 AD2d 700, 702). Therefore, the hearing court properly found that the police officer acted lawfully in seizing the weapon (see, Texas v Brown, 460 US 730, 740; People v Price, 54 NY2d 557, 562).

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is also without merit. Although certain inconsistencies appear in the testimony of the prosecution witnesses, issues of credibility and the weight of the evidence presented are primarily for the jury to determine (see, People v Concepcion, 38 NY2d 211, 213; People v Coleman, 114 AD2d 906; People v Rosenfeld, 93 AD2d 872). The People adduced sufficient evidence at trial to permit a rational trier of fact to find the defendant guilty of the crimes charged (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.