■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS BURKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered May 23, 1985, convicting him of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the court, in its

*Sandoval* ruling, failed to exercise its discretion in balancing the probative weight of the evidence on the issue of defendant's credibility against the risk that it might be viewed as evidence of guilt or criminal propensity, or that it might deter the defendant from testifying *(see, People v Rahman,* 46 NY2d 882, 883).

The defendant has failed to preserve for appellate review his claim that he was denied the right to a fair trial because of the complainant's unresponsiveness during cross-examination *(see,* CPL 470.05 [2]; *People v Kwok Chan,* 110 AD2d 158, 160-161, *lv denied* 66 NY2d 920). In any event, a review of the record indicates that the complaining witness was subjected to extensive cross-examination which ensured the defendant's right to confrontation *(see, People v Chin,* 67 NY2d 22; *People v Kwok Chan, supra).*

We also reject the defendant's contention that the complainant, who was the sole witness to the crime, was incredible as a matter of law. Credibility is a matter reserved for the jury and we are traditionally resistant to second-guessing its determination on this issue *(People v Di Girolamo,* 108 AD2d 755). Looking at the evidence in the light most favorable to the People, the defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

Finally, we note that to the extent that any of the prosecutrix's comments on summation were improper, they did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.