■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SABUR MUSTAFA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered January 3, 1985, convicting him of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proven beyond a reasonable doubt because of inconsistencies in the testimony of the People's witnesses. It is well settled that minor discrepancies between the testimony of witnesses is not sufficient to show that the testimony of one or more of the witnesses is incredible as a matter of law (see, People v Di

*Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133). In the instant case, although the witnesses' accounts of the number of people in the store at the time of the robbery and the order in which the defendant and his codefendants entered the store differed slightly, these variances were not sufficient to render their testimony incredible. That two or more witnesses give conflicting testimony simply creates a credibility question for the jury, to be determined by them in the context of the totality of the evidence before them *(see, People v Jackson,* 65 NY2d 265). In this regard, it is firmly established that credibility and the weight afforded each piece of evidence is primarily within the province of the jury, and will not be lightly disturbed by this court on appeal *(see, People v Concepcion,* 38 NY2d 211; *People v Molina,* 127 AD2d 796; *People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 880). Because a rational trier of fact would have been warranted in crediting the testimony of the People's witnesses and rejecting the defense, and because the testimony adduced at trial was more than sufficient to establish the elements of the crimes, there is no basis for disturbing the determination *(see, People v Gruttola,* 43 NY2d 116; *People v Molina, supra).* Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, we find that the sentences imposed upon the defendant, the most severe of which was an indeterminate term of imprisonment of 10 to 20 years upon the charge of robbery in the first degree, was not excessive *(see, People v Semkus,* 109 AD2d 902; *People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.