■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McCASKILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered November 13, 1986, convicting him of arson in the second degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial establishes that in May 1985 Mildred Saxton moved out of premises she had shared with the defendant for some 12 years and took up temporary residence with a cousin. On the afternoon and evening of July 26, 1985, the defendant came to, and was escorted by police away from, the cousin's premises some five times. On each such visit, the defendant attempted to persuade Saxton to return to him. On more than one occasion the defendant threatened Saxton. The defendant also stated that she would not spend another night with her cousin. Shortly after midnight, the cousin's household was awakened by a loud crash to

find that the public hallway in front of the entrance to the cousin's apartment was in flames.

A tenant returning to his apartment as the fire erupted observed a male fleeing the building. The fleeing man ran "right by" the tenant, who observed him under good lighting conditions for from 3 to 5 seconds. At trial, the tenant identified the defendant as that man. An expert who testified on behalf of the People eliminated accident and spontaneous combustion as causes for the fire and, without objection, concluded that, because of the burn patterns and nature of the damage, the point of origin of the fire was at a particular section of the hallway floor where flammable liquid was ignited.

Although the evidence was circumstantial, we disagree with the defendant's contention that it was insufficient to establish that the fire was intentionally set and that it was defendant who set it. Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Ford,* 66 NY2d 428, 437; *cf., People v Marin,* 65 NY2d 741), we conclude that, when considered together, the facts adduced established all elements of the crimes of which the defendant was convicted, excluded any reasonable hypothesis of innocence, and did not require that the jury leap logical gaps in order to arrive at the determination of guilt *(see, People v Benzinger,* 36 NY2d 29, 32). Moreover, although there were inconsistencies as to minor details in the testimony of the identification witness, those dicrepancies were not sufficient to demonstrate that his testimony was incredible as a matter of law *(see, People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133).

Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

Finally, we have examined the contentions raised by defendant in his supplemental *pro se* brief and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.