■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RICHARDS, Also Known as BEAT, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 30, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People did not establish his guilt beyond a reasonable doubt. We disagree. At trial, an eyewitness who had known the defendant for two months testified that he observed the defendant fire the fatal shot under bright street lighting, from a distance of four feet. A second eyewitness, who had known the defendant for two years, testified that although he was not facing the defendant and the victim when he heard the shot, he immediately thereafter observed the defendant return a black revolver to his pocket. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). We note that several inconsistencies between the testimony of the two eyewitnesses were inconsequential in nature and clearly were not sufficient to show that the testimony of either of the witnesses was incredible as a matter of law *(see, People v Mustafa,* 132 AD2d 628).

The defendant's *pro se* claim that the prosecution violated his right to remain silent by asking him about a statement he made in response to purported police questioning is not preserved for appellate review (CPL 470.05 [2]) and in any event, is without merit. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.