■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAINSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered November 29, 1988, each convicting him of robbery in the first degree, after a joint nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the prosecution failed to prove beyond a reasonable doubt his identity as the person who committed the charged offenses is without merit. While the testimony of the prosecution witnesses contained some minor inconsistencies, these discrepancies did not render their accounts incredible (see, e.g., People v McCaskill, 144 AD2d 496; People v McKenzie, 133 AD2d 126; People v Mustafa, 132 AD2d 628). Rather, they merely created issues of weight and reliability to be resolved by the trier of fact. In view of the evidence adduced by the prosecution, including the logical and generally consistent testimony of three eyewitnesses who provided unwavering identifications of the defendant and described his rather novel modus operandi, we discern no basis for disturbing the Trial Judge's resolution of these issues in the People's favor (see, e.g., People v Bailey, 134 AD2d 356; People v McKay, 123 AD2d 887; People v Jennings, 120 AD2d 546). Accordingly, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the identity of the defendant as the perpetrator and the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.