■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR BORIA, Appellant. [612 NYS2d 80] —Appeal by the defendant (1) from a judgment of the County Court, Orange County (Byrne, J.), rendered January 4, 1990, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated July 14, 1992, which, after a hearing, denied his motion to vacate the judgment of conviction pursuant to CPL 440.10. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, the People met their burden of establishing that the police had probable cause to arrest him in his place of business. The evidence adduced at the pretrial hearing established that an identified police informant, who was on lifetime parole pursuant to a narcotics-related conviction, indicated to the police that he had arranged to purchase a quantity of drugs from the defendant at his place of business. The informant had cooperated with law enforcement officials on 6 or 7 prior occasions, leading to the arrest and conviction of two individuals. At the arranged date and time, the informant, wired with a transmitting device, carrying prerecorded money, and followed by a surveillance van and an unmarked police car, stopped his own car in front of the towing garage. The sale was consummated, and the informant met with one of the officers involved and turned over four plastic bags containing a substance later determined to be cocaine. A team of officers then approached the garage, with one of them making eye contact with the defendant, with whom he was acquainted, through a window. The defendant then ran behind the front door of the garage, and when the officers attempted to enter they found that the door was locked. After breaking the door down, they discovered several individuals inside, one of whom was the defendant, who had been running toward the back door. The defendant was arrested, and a search of his person incident to that arrest revealed $2,000 of prerecorded money.

Based upon the foregoing, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the physical evidence obtained incidental to his arrest. The police, relying upon reliable information from a named source who had just engaged in a drug transaction

with the defendant, and upon their own observations which verified that information, possessed probable cause to enter the garage immediately after the drug transaction was completed and arrest the defendant therein *(see, People v DiFalco, 80 NY2d 693)*. As the search of the defendant was incident to a lawful arrest, suppression of the prerecorded money was properly denied.

Turning to the issues raised relating to the trial, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes, 60 NY2d 620)*, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see, CPL 470.15 [5])*.

We have considered the remaining contentions raised by the defendant on his appeal from the judgment of conviction, including his contention that the sentence imposed was excessive, and find them to be without merit.

With respect to the appeal from the order denying, after a hearing, the defendant's motion to set aside the judgment of conviction on the ground that he had been denied effective assistance of counsel, issues of credibility are for the trier of fact and will not lightly be set aside absent a showing of lack of support in the record *(see, People v Di Girolamo, 108 AD2d 755)*. As there is sufficient credible evidence in the record to support the hearing court's finding that the defendant was adequately represented and that he was made aware of a plea offer of 1 to 3 years imprisonment, and told his trial counsel to reject it, we decline to disturb that finding. Viewed in its entirety, we agree with the hearing court's determination that the representation received by the defendant was not deficient *(see, People v Benn, 68 NY2d 941; People v Baldi, 54 NY2d 137)*. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.