■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D'ANTONIO, Appellant. [634 NYS2d 9] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 18, 1994, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant claims that the trial court erred in allowing his former employer to testify as to an uncharged crime involving the defendant. We disagree. The uncharged crime was of a strikingly similar nature, in close spacial and temporal proximity to the crime charged, and the evidence concerning it tended to show the intent of the defendant to commit the crime charged (cf., People v Alvino, 71 NY2d 233).

The issue of the legal sufficiency of the trial evidence has not been preserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Walker, 214 AD2d 594; People v DiGirolamo, 108 AD2d 755; People v Rosenfeld, 93 AD2d 872). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.