■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON CLAY, Appellant. [734 NYS2d 917] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of arson in the fourth degree (Penal Law § 150.05 [1]) and lesser crimes is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Weiss,* 269 AD2d 267, 268, *lv denied* 94 NY2d 954; *People v McCaskill,* 144 AD2d 496, 497; *see generally, People v Bleakley,* 69 NY2d 490, 495). The sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Arson, 4th Degree.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAIN DAVIS, Appellant. [734 NYS2d 791] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law §§ 20.00, 140.25 [2]) and grand larceny in the fourth degree (Penal Law §§ 20.00, 155.30 [1]). We reject defendant's contention that the pretrial identification of defendant by a prosecution witness should have been suppressed and that the witness's subsequent in-court identification should not have been permitted. The witness identified defendant in a photo array, two subsequent lineups and at trial, based upon her having seen defendant at the victim's home around the time of the burglary. Defendant failed to meet his "ultimate burden of proving that the procedure[s were] unduly suggestive" (*People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). In any event, the witness had an independent basis for her in-court identification because she had seen defendant on a daily basis when he lived at the residence where the burglary occurred (*see, People v Beltran,* 281 AD2d 934, 935, *lv denied* 96 NY2d 898). Contrary to defendant's further contention, County Court properly permitted the People to present the testimony of an alibi rebuttal witness despite their failure to comply with the notice requirements set forth in CPL 250.20 (2) where, as here, defendant did not request an adjournment (*see,* CPL 250.20 [3], [4]) and failed to establish prejudice (*see, People v Wiener,* 271 AD2d 319, *lv denied* 95 NY2d 872). We also reject the contention of defendant that he was denied effective assistance of counsel (*see generally, People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147). The sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Burglary, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.