**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KREUTZ, Appellant.**

The lineup was not impermissibly suggestive nor conducive to irreparable mistaken identification (*see, Stovall v Denno,* 388 US 293, 301-302). Defendant committed two robberies and four eyewitnesses of these incidents made positive and instantaneous identifications of defendant at the lineup which was conducted only a few days after the events occurred. "A primary policy consideration is that lineups should be conducted as close in time to the occurrence of the incident under investigation as possible" (*see, People v Hawkins,* 55 NY2d 474, 486, *cert denied* 459 US 846).

The police did not encourage any of the witnesses to select defendant nor did they indicate that defendant was the suspect. The record is utterly devoid of any police actions or reactions for which the label "suggestive" could be ascribed. Rather, the identifications emanated from the witnesses' independent recollections of defendant as the perpetrator of the crimes they

witnessed. "It is only where the suggestion is, in one form or another, verbally or circumstantially, put to the witness that the procedure is condemned as violative of due process" (*see, People v Logan,* 25 NY2d 184, 194, *cert denied* 396 US 1020).

Moreover, defendant's counsel was present during the entire identification procedure. Although it has been recognized that counsel plays a much more limited role at identification confrontations (*People v Hawkins,* 55 NY2d 474, 485, *supra; People v Hobson,* 39 NY2d 479, 485), it has also been said that "[i]t contradicts normal experience and common sense to suppose that defense counsel would have remained silent if he had observed that the lineup was so constituted as to point the witnesses unfairly to his client" (*see, People v Adams,* 90 AD2d 1, 11). It appears to us that no objections were raised at the time of the lineup because there was nothing to object to.

We further find that the sentence imposed upon defendant was not unduly harsh or excessive. There is no basis on this record for granting a modification (*see, People v Suitte,* 90 AD2d 80). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.