■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMANTHA BEASLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered April 7, 1983, convicting her of robbery in the first and second degrees, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, as we are required to do *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327), we find that based on the victim's unfettered ability to observe defendant throughout the course of the robbery, which lasted approximately 6 to 8 minutes, and the subsequent photographic identification, the evidence is sufficient to support the verdict, since " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). Although there were minor inconsistencies between the victim's description of her assailant and defendant's actual appearance at the time of arrest, we find that the evidence is sufficient in quality and quantity to justify the jury's finding of guilt beyond a reasonable doubt *(see, People v Gruttola,* 43 NY2d 116, 122).

Defendant's contention that the trial court's charge on

identification was inadequate because it failed to provide the jury with detailed instructions to assist them in evaluating the accuracy of the sole complaining witness' identification of defendant as one of the perpetrators of the crime *(People v Daniels,* 88 AD2d 392), was not preserved for appellate review as no timely exception was made *(see,* CPL 470.05 [2]; *People v Contes, supra).* Furthermore, although desirable, a detailed charge on the issue of identification is not required as a matter of law *(see, People v Whalen,* 59 NY2d 273, 279; *People v Smith,* 100 AD2d 857). "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" *(People v Whalen, supra,* at p 279). We have examined defendant's remaining contention and find it to be without merit. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.