◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CURTIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered October 27, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Groh, J.), after a hearing, of defendant's motion to suppress certain identification testimony.

Judgment affirmed.

Defendant has been convicted of an armed robbery at a Kentucky Fried Chicken restaurant in Queens County. The victim, a restaurant employee, identified defendant at trial as the person who had committed the robbery and, in addition, as the person she had recognized at a subsequent lineup.

Defendant argues on appeal that evidence of the lineup identification should have been suppressed, because differences with respect to the age and physical characteristics of the six lineup participants rendered the procedure unduly suggestive.

However, it was established at the *Wade* hearing that the lineup participants remained seated during the viewing, and a photograph depicting the lineup as seen by the victim demonstrates that any differences between defendant and the five other participants were not apparent. On the basis of the photograph and the other evidence adduced at the *Wade* hearing, we conclude that the lineup was neither impermissibly suggestive nor conducive to irreparable mistaken identification *(see, Stovall v Denno,* 388 US 293, 301-302; *People v Kreutz,* 110 AD2d 912; *People v Russo,* 109 AD2d 855). Therefore, suppression of evidence of the lineup identification was properly denied.

Defendant also assigns as error the trial court's denial of his motion for a trial order of dismissal (CPL 290.10). Defendant contends that a discrepancy between his actual height and the estimate contained in the description given by the victim to the police rendered the People's evidence legally insufficient to establish a prima facie case. However, this discrepancy merely presented the jury with an issue of credibility, and its resolution of that issue in favor of the People should not be disturbed. Based on the victim's opportunity to observe defendant before and during the robbery, and the subsequent lineup identification, there was an ample basis for the jury to credit the victim's testimony identifying defendant as the perpetrator of this crime *(see, People v Beasley,* 114 AD2d 415; *People v Herriot,* 110 AD2d 851).

Finally, we find no abuse of discretion in the trial court's denial of defendant's mistrial motion, which was predicated on the jury's inability to reach a verdict on only the second day of its deliberations. Moreover, the supplemental instructions delivered by the court after the jury had reported that it was deadlocked were " 'essentially neutral' " and noncoercive *(People v Pinder,* 106 AD2d 415). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.