■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER BADALUCCO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered October 17, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution, as we are required to do (see, e.g., People v Malizia, 62 NY2d 755, 757, cert denied, 469 US 932), we find that based on the complainant's opportunity to observe the defendant during the robbery, at close range, in a store well illuminated by fluorescent lights and for a duration of four minutes, and her subsequent identification of the defendant from a nonsuggestive lineup conducted approximately one month after the robbery, her testimony suffices to support the verdict, since " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (People v Contes, 60 NY2d 620, 621, quoting from Jackson v Virginia, 443 US 307, 319; People v Beasley, 114 AD2d 415).

The discrepancy between the defendant's appearance at the time of his arrest (he sported a full moustache) and the complainant's description of the perpetrator (as clean shaven) merely presented the jury with an issue of credibility, and its resolution of that issue in favor of the People should not be disturbed (see, People v Curtin, 115 AD2d 753; People v Mosley, 112 AD2d 812, affd 67 NY2d 985). Similarly, the defendant's former parole officer's testimony regarding the complainant's inability six months after the crime to identify a photograph of the defendant as one of the perpetrators merely presented an issue of credibility for the jury, especially in view of the complainant's rebuttal testimony. The complainant testified that she did not look at a "yellow paper" that the parole officer had attempted to show her and that she did not want

to talk with the parole officer because she did not want to become more involved than she already had become with the police. Credibility is a matter reserved primarily for the jury *(People v Rosenfeld,* 93 AD2d 872) and "we are traditionally resistent to second-guessing its determination on this issue" *(People v Di Girolamo,* 108 AD2d 755).

Contrary to the defendant's contention, the complainant's testimony at a *Wade* hearing, conducted approximately one year after the robbery and two days before her testimony at the trial, that she did not "[e]specially" recognize the defendant as the perpetrator, but that the defendant looked very similar, like a brother to the man she identified at the lineup, did not render her identification incredible as a matter of law. At the trial, the complainant explained that the defendant's appearance had changed; he looked like a younger brother, his face was fuller and, as the defendant conceded, his hair style was shorter. The complainant's trial testimony sufficiently evidenced her certainty of her past corporeal identification *(see, People v Jamerson,* 117 AD2d 754).

"Where a witness positively identifies a defendant as the man who committed a crime, the weight of the evidence of identification is for the jury unless it is incredible as a matter of law" *(People v Seppi,* 221 NY 62, 68; *People v Monaco,* 93 AD2d 823). Here, the aforementioned inconsistencies in the complainant's testimony, upon which defendant predicates his argument for reversal, do not rise to such a level as to make the complainant's testimony on identification incredible as a matter of law. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.