■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 9, 1983, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Linakis, J.), after a hearing, of these branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

Under Queens County indictment Number 4330/82, the defendant Sam Taylor and two codefendants, John Martin and Maurice Waller, were charged with committing burglary in the third degree, criminal possession of stolen property in the second degree and criminal mischief in the third degree. These charges arose from the burglary of "Jamaica Auto Electric", an auto supply business located at 104-109 Merrick Boulevard, on December 23, 1982, at about 12:30 A.M. The defendant and his codefendants were arrested by the police when they were discovered about to leave the vicinity of the crime in a van which was found to contain allegedly stolen merchandise.

The defendant and his codefendants moved to suppress certain physical evidence and statements made by them to the police. The crux of their position was that their detention by the police and search of the van were unlawful and that consequently, the discovery of physical evidence in the van and statements elicited by the police should be suppressed. They also argued that the police did not have probable cause for their arrests.

Police Officer Paul Hulsen testified at the hearing and stated that on December 23, 1982, at about 12:20 A.M., while he and his partner were on duty in their marked police vehicle, they received a radio report of suspicious persons loading merchandise into a tan van at 105th Avenue and Merrick Boulevard. They responded to that location within about two minutes, and observed a tan van that was about to pull away from the curb. Hulsen's partner pulled the police vehicle in front of the van. In the meantime several other police cars arrived at the scene. Hulsen approached the van on foot, looked through its windows into its interior, and observed several new car batteries, a battery charger and a radio. He questioned the driver, later identified as the codefendant Martin, as to where he got the merchandise and Martin responded that he did not know. In total, five individuals were inside the van including the three defendants and two female passengers.

Hulsen further testified that he was familiar with the area where the van was stopped, which was largely a commercial district. At the time the van was stopped none of the businesses were open and there were no other vehicles in the vicinity. The officers continued to detain the occupants of the van while a search was conducted of the area by members of the anticrime unit. About 50 feet away from the van, they found a burglar alarm had been ringing at the auto supply shop and upon further investigation discovered that the bathroom window at the premises had been forcibly opened. Upon entering the premises, they found batteries there similar to those in the van. Shortly thereafter, when Hulsen was informed by other officers of the break-in, he placed the three males under arrest. The two female passengers were released upon the direction of a police supervisor at the scene.

The suppression court determined that the police action was lawful at its inception and that they had a right to detain the defendant and his codefendants based upon a reasonable suspicion that criminal activity was afoot in order to conduct an investigation of the area. It finally concluded that based upon the subsequent information obtained by Hulsen concerning the burglar alarm, the broken window at the auto supply shop and the similarity of the batteries observed in the van with those found within the store, the police had probable cause to arrest the defendant and his codefendants.

On this appeal, the defendant contends that the suppression court erred in its determination that the police conduct was reasonably related in scope and intensity to the circumstances

surrounding the encounter. He points out that at the trial, Officer Hulsen contradicted his hearing testimony by further admitting that he used a flashlight to assist in his observation of the interior of the van after the vehicle was stopped. The defendant claims that this constituted an unwarranted intrusion and unjustified search of the van, requiring the court to reopen the suppression hearing, even though the defense counsel never made such an application to the trial court.

We agree with the suppression court that the police conduct in this case was justified at its inception, and as they gathered further information at the scene, the escalating police responses were reasonably related in scope and intensity to the developing circumstances. "It is settled that, under appropriate conditions, an officer may briefly detain and question a suspect in a public place on information not amounting to probable cause" (People v Finlayson, 76 AD2d 670, 674, lv denied 51 NY2d 1011, cert denied 450 US 931; cf., People v Cantor, 36 NY2d 106). Moreover, under the circumstances existing at the time the van was stopped, the officer acted reasonably in using a flashlight to observe the interior of the van (e.g., People v Cruz, 34 NY2d 362). Finally, based upon the arresting officer's observations and information provided to him by his fellow officers, probable cause existed for the defendants' arrest as it "appeared more probable than not" that a burglary had been committed and that the defendants were the perpetrators (People v Gordon, 87 AD2d 636, 637).

We also find no merit to the defendant's contention that the trial court erred in not granting his motion for a mistrial and for dismissal of the indictment based upon the prosecution's disclosure at trial that certain stolen property seized by the police had been released to the owner in violation of Penal Law § 450.10. Consistent with the Court of Appeals opinion in the case of People v Kelly (62 NY2d 516), the trial court properly avoided the drastic remedy of dismissal and eliminated any prejudice to the defendant by directing the jury to disregard any prior testimony concerning the stolen batteries which were no longer available, and providing the defense attorneys with the opportunity to inspect the radio and battery charger which were produced by the prosecution in court. The court further submitted to the jury the lesser charge of criminal possession of stolen property in the third degree in place of the original charge of criminal possession of stolen property in the second degree.

Also, with respect to the sufficiency of the evidence, although the prosecution relied chiefly upon circumstantial

evidence to establish the defendant's guilt of burglary, it was sufficient in both quantity and quality to rebut any reasonable hypothesis of innocence and to support the jury's verdict (see, *People v Benzinger,* 36 NY2d 29; *People v Gross,* 51 AD2d 191).

We also find no basis to conclude that the defendant was deprived of a fair trial because of certain remarks made by the prosecutrix during her summation. While some of her comments may be viewed as exceeding the scope of fair comment, in view of the strong evidence of the defendant's guilt and certain equally questionable comments by the defense attorneys during their summations, the possible prejudicial effect of the prosecutrix's remarks was insubstantial (see, *People v Galloway,* 54 NY2d 396).

We have considered the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.