■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE OQUENDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.),

rendered June 12, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that he was robbed by the defendant and the codefendant while on his way to work. The codefendant testified that she was a prostitute, that the complainant had paid her to engage in a sexual act at his apartment, and that, when she left, he had given her a jacket in the pocket of which she found the wallet which the complainant claimed had been forcibly taken from him.

The defendant claims that his guilt was not proven beyond a reasonable doubt in the face of the confused and sometimes inconsistent version of the events rendered by the complainant. Credibility is a matter to be resolved primarily by the jury (see, People v Gavins, 118 AD2d 582, lv denied 67 NY2d 1052), and there was nothing to prevent the jury from accepting the complainant's version of the incident, even though it contained certain inconsistencies (see, People v Badalucco, 127 AD2d 669, lv denied 69 NY2d 947; People v Rosenfeld, 93 AD2d 872, lv denied 59 NY2d 977). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was prejudiced by the prosecutor's summation is without merit. The record reveals that the alleged errors are either unpreserved for our review (see, People v Balls, 69 NY2d 641), lacking in prejudicial effect (see, People v Taylor, 128 AD2d 653), or the subject of the court's prompt curative instructions (see, People v Santiago, 52 NY2d 865; People v Watson, 121 AD2d 487, lv denied 68 NY2d 818).

The defendant is incorrect when he argues that in charging that the codefendant was an interested witness, the court should have charged that the complainant was also an interested witness as a matter of law (see, People v Suarez, 125 AD2d 350, lv denied 69 NY2d 750). A review of the charge in question reveals that the court properly advised the jury that they could consider the interest of any witness (see, People v Reyes, 118 AD2d 666, lv denied 67 NY2d 1056).

We have reviewed the defendant's arguments with regard to the length of his sentence and have determined that the sentence was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.