■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered June 27, 1986, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was tried jointly with his accomplice Jerome Basnight, was accused of robbing and assaulting the complainant, a Vietnamese refugee. At trial the complainant testified that Basnight approached him from behind and then grabbed him, whereupon the defendant and a second accomplice, who was never apprehended, assaulted and robbed him. The defendant urges that his conviction should be overturned because inconsistencies between the complainant's testimony and certain pretrial statements render his story unworthy of belief and therefore his guilt was not established beyond a

reasonable doubt. It is well settled that resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). It was within the power of the jury to believe all or part of the complainant's testimony even though it was at times confusing and contained inconsistencies *(see, People v Oquendo,* 133 AD2d 709, *lv denied* 71 NY2d 900; *People v Badalucco,* 127 AD2d 669, *lv denied* 69 NY2d 947). It is obvious that any questions raised by the complainant's testimony were resolved in favor of the People. Upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the prosecutor's summation was unduly inflammatory is totally without merit. Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.