■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS D. DIAZ, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered April 2, 1987, upon a verdict convicting defendant of the crimes of kidnapping in the second degree, robbery in the first degree and criminal possession of a weapon in the fourth degree.

Defendant was charged with, and found guilty of, the crimes of kidnapping in the second degree, robbery in the first degree and criminal possession of a weapon in the fourth degree. The charges were based on defendant's having allegedly taken, at knifepoint, a female employee of a hotel where he was also employed to woods located behind the hotel, where he robbed her. At defendant's trial, the victim testified that defendant confronted her at her station at the hotel, wielded a knife and threatened to kill her. She further testified that he forced her outside and into the woods. She stated that once there, defendant kept threatening her with the knife and took jewelry from her. Other hotel employees testified that they observed defendant pushing the victim toward the woods and that she signaled to them for help. Another employee also testified that defendant later admitted to taking the victim into the woods by threatening her with a knife. The employee also stated that defendant admitted taking the jewelry and showed it to the employee. After being convicted, defendant was sentenced to concurrent prison terms of 5 to 15 years on the kidnapping and robbery charges and to a concurrent term of one year on the criminal possession of a weapon charge. This appeal by defendant ensued.

We affirm. Defendant claims that the prosecution improperly made inflammatory appeals to the jury on behalf of the victim. However, insofar as no objection to the summation was made at trial, this claim was not preserved for our review (see, CPL 470.05 [2]; People v Dordal, 55 NY2d 954, 956). Furthermore, even were we to address this issue, the comments by the prosecution that the victim had a right to demand that defendant be held accountable lacked any prejudicial effect on

defendant *(see, People v Oquendo,* 133 AD2d 709, 710, *lv denied* 71 NY2d 900), especially in view of the overwhelming evidence of defendant's guilt *(see, People v Reed,* 136 AD2d 577, *lv denied* 71 NY2d 973).

We also reject defendant's claim that County Court erred in refusing to charge the crime of robbery in the third degree as a lesser included offense. While this offense was of a lesser grade so that it was impossible to commit the greater crime without at the same time committing the lesser offense, there was still no reasonable view of the evidence that would have supported a finding that defendant committed the lesser, but not the greater, offense *(see, People v Glover,* 57 NY2d 61, 63). To have justified such a charge, the evidence had to be sufficient to show proof of force *(see,* Penal Law § 160.05) without proof of existence of the knife *(see,* Penal Law § 160.15). The victim testified that she was held at knifepoint and that her jewelry was taken. Defendant, however, denied the existence of any knife and the occurrence of any robbery. The jury was asked to believe either defendant's version or the victim's, neither of which supported a finding that defendant took the jewelry without the knife. Therefore, County Court properly refused to charge the lesser included offense.

Nor do we find any merit to defendant's claim that County Court improperly refused to specifically charge the jury that the victim was an interested witness. The court did give an interested witness charge regarding all the prosecution's witnesses, although it did not single out the victim as an interested witness. We note that this issue was preserved for review insofar as defense counsel requested a specific witness charge for the victim, and from the record it appears that the People agreed to this request. Nevertheless, since there was no evidence that the victim had a direct penal or personal interest in the outcome of the case, the court's general charge was sufficient *(see, People v Alvarado,* 140 AD2d 446, *lv denied* 72 NY2d 915).

We also find no support in the record for defendant's assertion that because he did not accept an earlier plea bargain with a lighter sentence and instead pleaded not guilty and chose to go to trial, he was punished or penalized in the sentence he received *(see, People v Jones,* 39 NY2d 694, 698). Finally, we find no merit in the claims of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.