■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE DAVIS, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered April 23, 1985, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felon, to an indeterminate prison term of six years to life, to run consecutive to a 1½-to-3-year term imposed for conviction of grand larceny arising out of the same incident, is unanimously affirmed.

While on patrol of the Columbia University campus, Police Officers Royal and Carabetta observed the defendant, who was carrying a dark briefcase, meet Leon Anderson. Defendant and Anderson then drove off in a car belonging to Octavius Ellis, a security guard for the university. Police Officers Belfiore and Flanagan pursued the stolen car. When the car crashed, defendant and Anderson fled on foot. While fleeing, the defendant threw a black briefcase under a car. Immediately after defendant was caught and arrested, Officer Belfiore recovered the briefcase which contained a fully loaded and operable .38 caliber gun.

Defendant does not contest his grand larceny conviction which this court has affirmed. *(People v Davis,* 131 AD2d 981 [1st Dept 1987].) He asserts that he did not discard the briefcase containing the gun and thus that there was insufficient evidence to convict him of the weapons charge. Viewing the evidence in the light most favorable to the People *(People v Allah,* 71 NY2d 830 [1988]), we conclude that there was sufficient evidence to support the jury verdict. The jury obviously credited the testimony of the police officers that defendant was carrying the briefcase before entering the car and hurled the case while fleeing. We defer to the jury's assessment of credibility. *(People v Badalucco,* 127 AD2d 669 [2d Dept 1987].)

The underlying felonies on which defendant was adjudicated a multiple felony offender were 1972 and 1979 Connecticut convictions rendered upon defendant's guilty pleas to robbery in the first degree. Defendant urges that he was entitled to a hearing as to the constitutionality of two prior convictions in the State of Connecticut. However, the defendant's bare allegations of irregularity and impropriety in the Connecticut proceedings were insufficient to cast doubt on their presumed validity. *(See, People ex rel. Bartlam v Murphy,* 13 NY2d 1068, 1069 [1963].)

Defendant also claims that the Connecticut convictions do not constitute predicate felonies in New York since the Connecticut convictions, at the time they were entered, were not for violent felonies as defined by New York law. This claim is unpreserved for appellate review and we therefore decline to reach it. (CPL 470.05 [2]; *People v Smith,* 73 NY2d 961, 962-963 [1989].) Notably, while defendant has identified subdivisions of the Connecticut robbery statute which allegedly would not have been violent felonies in New York, his failure to previously raise this objection has left the record bare of any indication that those cited subdivisions were the ones under which he was prosecuted in Connecticut. Clearly, the Connecticut statutes in effect in 1972 and 1979 contained subdivisions of first degree robbery and lesser included offenses of the crime which would have been violent felonies in New York.

Defendant asserts that the court's supplemental instruction to the jury regarding the "possession" element of the crime charged was so misleading that it deprived him a fair trial. This claim is also unpreserved as a matter of law and we thus decline to address it. (CPL 470.05 [2].) However, were we to address it in the interest of justice, we would affirm. The

court's supplemental instruction repeated the statutory definition of possession and properly applied the law to the evidence adduced at trial. *(See,* CPL 300.10 [2].)

We have considered defendant's other claims and find them to be of no merit. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.