■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. DANN, Appellant. [788 NYS2d 264]—

Mugglin, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered April 18, 2003, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant was indicted for arson in the third degree, as an accomplice, and conspiracy in the fourth degree in connection with a fire at the residence of his estranged wife and children. The principal witness against defendant was his former girlfriend, the person who actually set the fire. After a jury trial, defendant was convicted of arson in the third degree but acquitted of conspiracy. Defendant appeals, urging seven grounds for reversal.

Defendant asserts that his 6th Amendment right to present a defense was violated because when his girlfriend gave her confession to the State Police, she was intoxicated. Therefore, defendant claims, the police were obligated to obtain a blood alcohol analysis of this witness so he could use the results to attack her credibility. Other than his general assertion of a 6th Amendment violation, defendant offers no citation of authority for this novel argument. There was abundant testimony from the girlfriend and the police officers from which the jury could determine whether the degree of her intoxication affected her credibility. Moreover, there is no affirmative duty for the police to "locate and obtain evidence at any particular moment in the prosecution" (*People v Colavito*, 87 NY2d 423, 427-428 [1996]), and we find that none existed here.

The next three arguments advanced by defendant involve questions of evidence at trial. First, he argues that the testimony of his girlfriend, since she was an accomplice, was insufficiently corroborated (*see* CPL 60.22 [1]; *People v Donovan*, 59 NY2d 834, 836 [1983]; *People v Bass*, 255 AD2d 689, 691 [1998], *lv denied* 93 NY2d 966 [1999]). We disagree. Sufficient corroborative evidence is found in the testimony establishing that the fire was incendiary in nature and its point of origin was consistent with defendant's girlfriend's testimony and the postfire state-

ments of defendant to his wife, "It's pay back time, bitch, you know that song 'Burning down the house?'"

Second, defendant asserts that the prosecution was allowed to impeach its own witness. This argument also involves the testimony of defendant's girlfriend. A witness may be declared to be hostile when it appears that the witness is unwilling to testify, particularly where, as here, the witness and defendant have or did have a close personal relationship (*see People v Jacobs*, 298 AD2d 954, 955 [2002], *lv denied* 99 NY2d 559 [2002]; *People v Bell*, 249 AD2d 777, 779 [1998], *lv denied* 92 NY2d 922 [1998]). In view of the apparent reluctance of defendant's girlfriend to testify as a prosecution witness, revealed by her attempt to evade questions, her inability to remember those facts which she had testified to on several prior occasions, and her general uncooperativeness, we find no reason to disturb County Court's discretionary declaration of the witness as hostile to the People. Moreover, our review of the testimony does not reveal that the People in any way attempted to impeach her testimony.

Third, defendant argues that County Court committed error by admitting testimony concerning defendant's prior bad acts, which included his assaultive behavior toward his wife and the issuance of two orders of protection. County Court instructed the jury that the evidence was being offered only to establish motive, was not being offered for propensity purposes, and consequently was not to be considered for such. It is well settled that evidence of prior bad acts may be admitted to show motive (*see People v Lewis*, 69 NY2d 321, 325 [1987]; *People v Allweiss*, 48 NY2d 40, 47 [1979]; *People v Molineux*, 168 NY 264, 294-297 [1901]), and the wife's testimony is probative on that issue (*see e.g. People v Luck*, 294 AD2d 618, 620 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Lotmore*, 276 AD2d 901, 902 [2000], *lv denied* 96 NY2d 736 [2001]). Moreover, County Court's instruction to the jury sufficiently explained that the evidence was to be used only for purposes of establishing motive (*see People v Mees*, 47 NY2d 997, 998 [1979]).

None of defendant's last three arguments was preserved for appellate review and, in any event, each is meritless. First, by failing to object to comments made during the People's summation, defendant has failed to preserve the issue of prejudicial comment (*see* CPL 470.05 [2]; *People v Diaz*, 150 AD2d 885, 885 [1989], *lv denied* 74 NY2d 808 [1989]). Second, defendant's claim that County Court's interested witness charge was erroneous was not preserved by appropriate objection (*see People v Diaz, supra* at 885). Lastly, defendant failed to preserve for

review his claim that the verdict is repugnant by making this assertion before the jury was discharged (*see People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Hildreth*, 279 AD2d 791, 793 [2001], *lvs denied* 96 NY2d 940 [2001], 98 NY2d 676 [2002], 100 NY2d 562 [2003]). Also, immediately after the verdict, there was an opportunity for the verdict to be corrected, and defense counsel did not object; therefore, the issue was not preserved (*see People v Alfaro*, 66 NY2d 985, 987 [1985]).

Peters, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.