People v Patterson (2021 NY Slip Op 50211(U))

[*1]

People v Patterson (Theresa)

2021 NY Slip Op 50211(U) [70 Misc 3d 144(A)]

Decided on March 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-520 K CR

The People of the State of New York,
Respondent,
against
Theresa Patterson, Appellant. 

Alan Ross, for appellant.
Kings County District Attorney(Leonard Joblove, Rhea A. Grob and Coby Ballard of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Laura R. Johnson, J.), rendered February 16, 2018. The judgment convicted defendant, after a
nonjury trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
In an information, the People charged defendant with assault in the third degree (Penal Law
§ 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00
[1]), menacing in the third degree (Penal Law § 120.15 [1]), and harassment in the second
degree (Penal Law § 240.26 [1]), based on an incident at her mother's nursing home during
which defendant, the complainant's sister, allegedly struck the complainant, causing his hand to
hit his eye. The charge of assault in the third degree was subsequently dismissed and, after a
nonjury trial, defendant was convicted of harassment in the second degree and acquitted of the
remaining counts. On appeal, defendant's sole contention is that the verdict was against the
weight of the evidence because her brother was not a credible witness. 
In fulfilling our responsibility to independently review the weight of the evidence
(see [*2]CPL 470.15 [5]; People v Danielson, 9
NY3d 342 [2007]), and giving due deference to the trial court's opportunity to "view the
witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490,
495 [1987]; see also People v Lane, 7 NY3d 888, 890 [2006] ["whether the finder of fact
was a judge or a jury . . . those who see and hear the witnesses can assess their credibility and
reliability in a manner that is far superior to that of reviewing judges who must rely on the
printed record"] [citation omitted]), we find that it cannot be said that the verdict of guilt of
harassment in the second degree was against the weight of the evidence (see e.g. People v Wallace, 53 AD3d
795, 797 [2008] ["Credibility is generally an issue for the trier of fact whose province it is to
believe all or part of a witness's testimony, even though it is at times confusing and inconsistent"]
[internal quotation marks and citation omitted]; People v Jones, 141 AD2d 667, 668
[1988] [same]). 
Here, the complainant testified that defendant threw a punch at his face, which he blocked
with his hand but caused his hand to strike his eye. While the Criminal Court declined to accept
all of the complainant's testimony as truthful or accurate, it credited so much of his testimony as
was necessary to establish the elements of harassment in the second degree, namely that
defendant, "with intent to harass, annoy or alarm" the complainant, had struck or otherwise
subjected him to physical contact, or attempted or threatened to do the same (Penal Law §
240.26 [1]; see People v Chiddick, 8
NY3d 445, 448 [2007] [harassment in the second degree is committed by "petty slaps,
shoves, kicks and the like delivered out of hostility, meanness and similar motives"] [internal
quotation marks and citation omitted]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 12, 2021