■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE SUTTON and EUGENE HARRIS, Appellants. — Appeal by defendant Sutton from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 19, 1981, and appeal by defendant Harris from a judgment of the same court, rendered May 21, 1981, convicting each of them of robbery in the first degree (two counts), robbery in the second degree, assault in the first degree, grand larceny in the third degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentences.

Judgments affirmed.

Although certain inconsistencies appear in the testimony of the prosecution witnesses, and the complaining witness himself had a criminal record, "resolution of credibility * * * [was] properly for the trier of fact" (*People v La Borde,* 76 AD2d 869, 870; *People v Rosenfeld,* 93 AD2d 872). We are "traditionally resistant to second-guessing [a] determination on this issue" (*People v Di Girolamo,* 108 AD2d 755), and the facts adduced in the case at bar "do not compel the conclusion that a reasonable doubt existed as a matter of law" (*People v La Borde, supra,* p 870). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMPSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (DeMakos, J.), rendered November 29, 1983, convicting him of criminal possession of marihuana in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years.

Judgment affirmed.

Defendant's guilt was proven beyond a reasonable doubt (*People v Contes,* 60 NY2d 620). He waived his right to challenge the officer's failure to preserve the handwritten notes of said officer, listing the denominations and serial numbers of the buy money, when he subsequently pleaded guilty to the remaining counts of the indictment (*People v Manzo,* 99 AD2d 817). The prosecutor did not withhold any information from the Grand Jury which would have materially influenced its investigation (*see, People v Monroe,* 125 Misc 2d 550; *People v Filis,* 87 Misc 2d 1067). The sentence imposed was not excessive in light of the large quantities of marihuana recovered by the police.

We have reviewed defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.