■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENTINE PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered November 9, 1983, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The defendant was indicted for one count of criminal possession of a weapon in the third degree and was convicted thereof after a nonjury trial.

After the defense rested, having presented no witnesses, the trial court heard argument on the defendant's motion to dismiss for failure to prove a prima facie case, denied the motion, and rendered a guilty verdict. Apparently, the court mistakenly thought that the defense counsel had concluded his argument on the motion when it rendered the verdict. When it was apprised that the defense counsel wished to argue further on his original motion and to also move to dismiss for failure to prove the defendant's guilt beyond a reasonable doubt, the trial court vacated its decision and allowed counsel to proceed. After hearing both sides, the court denied the motions and adhered to its original determination finding the defendant guilty.

Neither party had requested the court to provide an opportunity to deliver summations. The defense counsel raised no objections to the verdict being rendered without giving a summation nor did he make a posttrial motion to set aside the verdict based upon that ground.

Upon this appeal, the defendant contends, among other things, that the trial court's rendering of a verdict without the defense counsel giving a summation violated the defendant's constitutional right to counsel and deprived him of a fair trial.

As the defendant failed to object or apply for relief from the verdict based upon the claim now raised upon appeal, he failed to preserve any error of law in that regard for appellate review (see, People v Thomas, 50 NY2d 467; People v Patterson, 39 NY2d 288, affd 432 US 197; CPL 470.05 [2]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.