■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TITUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered August 31, 1984, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that judgment is affirmed.

The arresting officer, the only witness at the Mapp hearing, testified that, on October 31, 1983, at about 10:50 P.M., he and his partner were on radio motor patrol in the vicinity of Liberty Avenue between 148th and 150th Streets in Queens County. They were flagged down by an identified citizen who informed them that his friend had been robbed across the street. The officers approached the alleged victim, Michael Williams, who told them that the defendant, standing next to

him, had just robbed him of his jacket and some cash. The defendant's hand was in his right jacket pocket and, when the officer told him to remove it, an umbrella handle fell to the ground. The defendant was then placed under arrest.

We find that the hearing court properly declined to suppress the physical evidence. Probable cause to arrest a suspect may be based upon information provided to the police by an identified informant that a particular individual has committed a crime (see, *People v Murphy,* 97 AD2d 873; *People v Sanders,* 79 AD2d 688). In any event, the defendant was not arrested solely upon the initial information provided but only after the victim, who was clearly competent to identify the defendant as the perpetrator, had informed the police as to what had transpired (see, *People v Brown,* 117 AD2d 741, 742; *People v Joyner,* 109 AD2d 753).

Viewing the evidence adduced at trial in the light most favorable to the prosecution, as we must (see, *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the verdict was rationally based upon proof, beyond a reasonable doubt, of every element of the crime charged (see, *People v Contes,* 60 NY2d 620). The various inconsistencies in the testimony of the prosecution's witnesses merely posed questions of credibility which were for the trier of the fact to resolve (see, *People v Herriot,* 110 AD2d 851; *People v Bigelow,* 106 AD2d 448). A reasonable doubt did not arise solely because these witnesses had criminal records (see, *People v Peterson,* 112 AD2d 172; *People v Sutton,* 108 AD2d 942).

We find that the defendant's remaining contentions are without merit. Niehoff, J. P., Rubin, Kunzeman and Eiber, JJ., concur.