■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered March 21, 1984, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Browne, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The sole issue on this appeal is the propriety of the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence. According to Officer Holihan, he and his partner responded to a radio dispatch of a burglary in progress at 144-11 Parsons Boulevard, apartment 207. Upon arriving at the second floor apartment two men exiting the apartment did not respond to the officers' inquiries. Within 30 seconds, a male and female occupant of the apartment came out into the hall and the female informed the officers, in substance, that she and her paramour had just been robbed by the two men being detained in the hall and by a third man, armed with a gun, who was still in the apartment. The couple did not attempt to leave the scene and indicated to the officers that the man with the gun was the only person in the apartment. Upon the arrival of a backup unit, which took custody of the first two men who had exited the apartment, Officer Holihan and his partner entered the apartment with guns drawn and observed the defendant, sitting on a couch in the living room. The officers handcuffed the defendant and patted him down. The frisk did not reveal a weapon. However, a more thorough search disclosed two packets of cocaine and an envelope of marihuana in the pocket of the defendant's insulated vest.

Police officers have a right to rely upon information furnished by private citizens who report crimes that they have witnessed or were perpetrated against them *(see, People v Hicks,* 38 NY2d 90, 94; *People v Pacifico,* 95 AD2d 215, 220; *People v Bruce,* 78 AD2d 169, 173). The reliability of this

citizen informant was demonstrated by her obvious familiarity with the situation, as contrasted by the uncooperative attitude of the two men who first exited the apartment, and by her apparent availability for further questioning, thereby exposing herself to the risk of prosecution for providing false information to the police *(see,* Penal Law § 240.50; *People v Pacifico, supra,* at 220). On the basis of the information supplied to them by the radio dispatcher and the female complainant, the officers had probable cause to arrest the defendant for burglary and robbery *(see, People v Pacifico, supra; People v Cofield,* 55 AD2d 113, *affd* 43 NY2d 654), and the search of the defendant's person, as an incident thereto, was lawful *(People v Weintraub,* 35 NY2d 351; *People v Perel,* 34 NY2d 462). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.