■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT PAPA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered November 2, 1983, convicting him of robbery in the first degree (four counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly rejected the defendant's claim that he was deprived of his constitutional right to a speedy trial due to preindictment delay. The testimony adduced at the hearing established that the indictment was filed just 16 days after evidence sufficient to accuse the defendant of this crime was acquired. The defendant's primary complaint concerned an approximately seven-month delay between the time that the police first heard the defendant mentioned as a possible suspect and when they obtained a positive identification of him from one of the robbery victims. However, all the cases relied upon by the defendant involve delay in arrest or indictment after law enforcement authorities had acquired sufficient evidence to do so *(see, People v Singer,* 44 NY2d 241; *People v Staley,* 41 NY2d 789; *People v Bonsauger,* 91 AD2d 1001; *People v Bryant,* 65 AD2d 333, *appeal dismissed* 46 NY2d 1037). Prompt investigation of a crime has not been recognized as a requirement of due process. "Delays due to difficulty in obtaining sufficient evidence to indict or even to arrest do not mandate dismissal of charges, subject of course to the Statute of Limitations" *(People v Staley, supra,* at 792).

In any event, even considering the delay preceding the identification of the defendant, no deprivation of due process occurred. The delay was not unduly long, was not geared to obtaining some tactical advantage and "there was no convincing support for defendant's routine-like claim of prejudice" *(People v Fuller,* 57 NY2d 152, 160). Accordingly, the hearing court properly denied the defendant's motion to dismiss the indictment. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.