■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered October 3, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers, the only witnesses at the *Mapp* hearing, testified that in response to a radio run, they met an identified civilian who informed them that a man in a nearby community center had just menaced him with a gun. The civilian accompanied the police to the community center and pointed out the defendant, stating, "That's him." The defendant then attempted to pass the jacket he was holding to another person. One of the officers grabbed the jacket, patted it down, felt a gun and then removed a fully loaded .22 caliber handgun from a pocket.

We find that the hearing court properly declined to suppress the gun. Probable cause to arrest a suspect may be based upon information provided to the police by an identified informant that the suspect has committed a crime *(see, People v Petralia,* 62 NY2d 47, 51-52; *People v Moore,* 32 NY2d 67, 71; *People v Titus,* 125 AD2d 428, 429; *People v Sanders,* 79 AD2d 688, 689-690).

Similarly unavailing is the defendant's claim that the prosecution's witnesses should not be believed because of minor inconsistencies in their testimony and because their testimony was contradicted by the trial testimony of the civilian informant exculpating the defendant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Rivera,* 68 NY2d 786, 787-788; *People v Kennedy,* 47 NY2d 196; *People v Concepcion,* 38 NY2d 211, 213). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Bigelow,* 106 AD2d 448; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.