■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MERCADO, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearing, jury trial and sentence), rendered March 25, 1988, convicting defendant of two counts of sexual abuse in the first degree and sentencing him as a predicate felon to two consecutive terms of imprisonment of 3½ to 7 years, unanimously affirmed.

The defendant was indicted for the June 15, 1986 sodomy and sexual abuse of a nine-year-old boy, Louis, and for the attempted sexual abuse of Louis' 11-year-old brother, Manuel. The jury returned a verdict convicting Mercado of two counts of sexual abuse in the first degree against Louis. Upon a defense motion, the court set aside, as against the weight of the evidence, the verdict of attempted sexual abuse in the first degree against Manuel.

The defendant first contends that the trial court improperly permitted Louis, then 10 years of age, to testify under oath (CPL 60.20 [2], [3]). At a competency hearing Louis, a fourth grader, told the court that he attended church and had been taught about God, that he had sworn on the Bible previously and had told the truth, and that he understood the importance of telling the truth and believed the Judge, his parents and God would punish him if he failed to do so. While Louis was unable to articulate a concept of God or of an oath, or to indicate specifically how he would be punished if he lied, the law does not require that children define abstract concepts with the sophistication of an adult. Thus, upon the record before us, we conclude that the trial court, having had an opportunity to observe the demeanor and appearance of the witness, did not abuse its discretion in concluding that Louis had the mental capacity to and did in fact understand the nature of an oath to tell the truth. *(See, People v Parks,* 41 NY2d 36, 39-40, 50 [1976]; *People v Nisoff,* 36 NY2d 560, 566 [1975].)

Second, the defendant argues that the trial court's failure to instruct the jury that it should not consider the testimony of one complainant in determining the defendant's guilt or innocence of charges concerning the other complainant was reversible error. However, the defendant neither requested such a charge nor objected to the charge given, and thus failed to

preserve this question for review (CPL 470.05 [2]; 300.10 [5]). Nonetheless, the failure to do so, in the circumstances of this case, was not error. Here the acts against each of the complaining witnesses were alleged to have occurred on the same day within a short period of each other, and each complainant gave testimony relevant to the offense committed against the other. Louis testified that the defendant took his brother, Manuel, away from the party on defendant's bicycle and that Manuel returned to the party crying. Manuel testified that Louis left the party with the defendant and that he, Louis, returned looking "mad". Moreover, the court gave extensive instructions on reasonable doubt and advised the jury that each element must be proven beyond a reasonable doubt. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.