■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CURRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 22, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with the intentional murder of April Ernst, who disappeared sometime between September 7 and September 8, 1980. Her body has never been found. The only direct evidence implicating the defendant in her murder

consisted of testimony by his brother, Gerard Curro, that the defendant had made certain admissions to him. According to Gerard, the defendant admitted that he had strangled Ernst because she was going to "rat [him] out". The defendant told his brother that he had cut her body into pieces in a bathtub, put the pieces in bags and then "took them for a ride". Another prosecution witness testified that the defendant told him in 1982 that he had shot his girlfriend because he believed that she was informing on him about his drug dealing, that he had disposed of her body in a garbage truck and that "there wasn't enough left of her for them to identify the body". On appeal, the defendant contends that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt as the People failed to provide any evidence, independent of his alleged statements, that Ernst had been murdered.

CPL 60.50 provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". However, this additional proof may consist of circumstantial evidence that a crime occurred and it need not directly connect the defendant to the crime. "Although the body of the victim is never found and there is no direct evidence, other than the confession, that the defendant caused the victim's death, a jury question is presented by circumstantial evidence calculated to suggest that the victim is dead and implicating defendant as the criminal agency, the key to which is furnished by the confession or admission" (People v Lipsky, 57 NY2d 560, 563, rearg denied 58 NY2d 824). The additional evidence of the crime, together with the defendant's statements, must be sufficient to establish the defendant's guilt beyond a reasonable doubt (People v Lipsky, supra).

We find that the People presented sufficient circumstantial proof that the offense charged in fact occurred to satisfy the requirements of CPL 60.50. Ernst was 19 years old when she disappeared in September 1980, and five of her close relatives testified that they had not heard from her since then. According to her mother, Ernst lived with her until she finished school at age 18. Although their arguments over Ernst's drug use caused her to leave home, the mother testified that Ernst thereafter always lived with close relatives and remained in contact with her. Ernst had been living with a paternal aunt at the time of her disappearance and her clothing and jewelry, including a diamond necklace she received on her sixteenth birthday, were left behind. Ernst's older sister testified that

they had a very close relationship and that she would expect to hear from Ernst if she were still alive. Ernst's father, who lived in California, testified that, prior to her disappearance, he had been her main source of support, sending her money weekly, and that he had not heard from her since September 1980. Ernst's stepmother also testified that she had a close relationship with her and that, prior to Ernst's disappearance in September 1980, had heard from her at least once a week. The paternal aunt with whom Ernst lived in September 1980, testified that she believed she heard Ernst enter and leave the house around 6:00 A.M. on September 8, 1980 and had not seen or heard from her since then. She said that Ernst and the defendant were dating at that time. Ernst did not take her clothing and jewelry with her when she left, and her car was found abandoned on Rockaway Parkway that same morning. The family contacted local hospitals without success. Finally, the People submitted evidence that there had been no activity on Ernst's Social Security account since September 1980.

Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Contrary to the defendant's contention, we do not find that the testimony of Gerard Curro was incredible as a matter of law. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88; see also, People v Robinson, 147 AD2d 596). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that he was denied due process because of a three-year delay in the commencement of this criminal action. Although Gerard Curro informed the police of the defendant's incriminating statements in September 1981, the defendant was not indicted until December 1984. We find that the People established good cause for the delay in that the investigation was continuing in order to pursue other leads and to obtain corroboration of the statement that Ernst had been murdered (see, People v Singer, 44 NY2d 241; People v Papa, 143 AD2d 1058).

The defendant further contends that the court, in effect, impermissibly amended the indictment by charging the jurors

that they could find that Ernst had been "strangled or otherwise killed" even though the indictment specifically alleged that she had been strangled. We find that, under the circumstances of this case, where no body was ever recovered, the deviation from the allegations in the indictment did not prejudice the defendant in his ability to present a defense and did not impermissibly change the theory of the indictment *(see generally, People v Grega,* 72 NY2d 489).

We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.