■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SPINELLI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated October 12, 1989, which granted the defendant's motion to dismiss the indictment with leave to re-present the matter to the same or another Grand Jury and directed that, upon resubmission, the prosecutor was to call all of the witnesses to testify on the issue of justification.

Ordered that the order is reversed, on the law, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

The defendant did not make a clear showing that the prosecutor should have charged the Grand Jury with the defense of justification. Viewing the evidence presented to the Grand Jury in a light most favorable to the defendant (see, People v McManus, 67 NY2d 541, 549), the record clearly establishes that the defendant was the initial aggressor, he could have retreated with complete safety into his nearby home, and his use of deadly physical force was not necessary to avert the imminent use of such force (see, Penal Law § 35.15). The prosecutor did not withhold any information from the Grand Jury which would have materially influenced its investigation (see, People v Thompson, 108 AD2d 942). Furthermore, there is no statute or controlling case law requiring dismissal of an indictment merely because, sometime later, the prosecutor becomes aware of some information

which may lead to the acquittal of the defendant *(see, People v Goetz,* 68 NY2d 96, 116). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.