*denied* 459 US 848; *see also, People v Mendez, supra).* Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN GRAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered May 25, 1989, convicting him of grand larceny in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The complainant testified that at approximately 2:45 A.M. on July 10, 1988, he stood on a subway platform in Queens and was accosted by an Hispanic male who held a razor knife to his throat, and a black male who went through his pants pockets and took a gold chain bracelet off his wrist. Within minutes, the complainant described the perpetrators to two police officers who proceeded to canvass the neighborhood in their patrol car with the complainant in the back seat. At 18th Street and Astoria Boulevard, they spotted two males fitting the description given by the complainant and the complainant identified the two men as his attackers. The officers stopped the two men, and, after a struggle, arrested them. The complainant confirmed their identities as the perpetrators at the scene. During a subsequent search, the complainant's bracelet was found on the defendant's person, while a razor knife was recovered from his accomplice.

There is no merit to the defendant's contention on appeal that the police lacked probable cause to arrest and search him. It is well established that police officers have a right to rely upon information furnished by private citizens who report crimes that they have witnessed or that were perpetrated against them *(see, People v Cunningham,* 135 AD2d 725; *People v Robinson,* 147 AD2d 596). A police officer who acts upon such information possesses probable cause to arrest and search an individual accused by the named citizen *(see, People v Brnja,* 50 NY2d 366; *People v Hicks,* 38 NY2d 90). In the case at bar, the arrest of the defendant was therefore proper, and the subsequent search, which recovered the victim's property, was likewise proper *(see, People v Weintraub,* 35 NY2d 351; *People v Cunningham, supra).* Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.