■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WASHINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: County Court properly denied that portion of defendant's omnibus motion which sought to dismiss the indictment upon the ground that pre-indictment delay deprived defendant of due process *(see,* NY Const, art I, § 6; *People v Singer,* 44 NY2d 241). The period of delay was

not unduly lengthy, especially in light of the serious nature of the offenses—three counts of assault in the second degree committed by an inmate upon correction officers. There is no suggestion that the People delayed presentment before a Grand Jury for the purpose of obtaining some tactical advantage. The record is devoid of evidence that defendant was prejudiced by the delay. In sum, defendant failed to demonstrate special circumstances which might have caused the delay to impair his right to a fair trial (see, People v Fuller, 57 NY2d 152, 159-160; People v Papa, 143 AD2d 1058; People v King, 114 AD2d 650, lv denied 67 NY2d 653).

There is no merit to defendant's contention that the evidence was legally insufficient to prove that he intended to prevent the correction officers from performing their duties. Sufficient evidence was presented from which the jury could infer that defendant possessed the requisite intent (see, People v Allah, 126 AD2d 778, 780, lv denied 69 NY2d 876). Testimony of defense witnesses that the altercation was initiated by one of the correction officers presented an issue of credibility for the jury to resolve, and the jury's resolution of that issue is not contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495). Also without merit is defendant's assertion that the evidence was insufficient to prove that the officers suffered a "physical injury" (see, Penal Law § 10.00 [9]; § 120.05 [3]; People v Maturevitz, 149 AD2d 908; People v Ruttenbur, 112 AD2d 13). (Appeal from Judgment of Wyoming County Court, Dadd, J.—Assault, 2nd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.