THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA MCNEILL, Appellant. [613 NYS2d 302] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was deprived of due process because of the prosecutor's pre-indictment delay. The record does not indicate that the People delayed the prosecution to gain a tactical advantage, and there is no showing that defendant was prejudiced thereby. Although we recognize that unjustifiable delay in commencing a prosecution may require dismissal even where no actual prejudice to defendant is shown, the People met their burden of establishing good cause for the time that elapsed before indictment (see, *People v Lesiuk,* 81 NY2d 485, 490; *People v Singer,* 44 NY2d 241), here the special concern presented when the victim is a six-year-old child, the failure

to make a prompt report to the police, and the mother's reluctance to proceed against defendant.

The prosecutor's use of a Grand Jury subpoena, instead of a trial subpoena, to procure a report from defendant's employer of a patient abuse investigation of defendant did not deprive defendant of a fair trial. Although the use of the Grand Jury subpoena was improper (see, CPL 610.20; *People v Natal*, 75 NY2d 379, 385, *cert denied* 498 US 862), reference to the report played no part in the testimony of the director of defendant's employer regarding defendant's reputation. Use of the report in the cross-examination of a character witness was minimal, and was mitigated by the court's curative instruction. Thus, no prejudice to defendant resulted from the improper subpoena and, in light of the overwhelming evidence of defendant's guilt, the error, if any, is harmless (see, *People v Crimmins*, 36 NY2d 230, 242).

We also reject defendant's contention that the victim's attendance at a "court school" sponsored by the prosecutor's office deprived defendant of a fair trial. The testimony concerning the "court school" and the materials used in the program reveal that the program was designed solely to familiarize child abuse victims with courtroom procedure, without coaching them regarding their specific cases. Further, such programs serve the beneficent purpose of "reduc[ing] significantly the trauma to child witnesses likely to be caused by testifying in court proceedings" (22 NYCRR 35.1).

Finally, defendant's sentence is neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.