■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SHARP, Appellant. [633 NYS2d 354] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Gerges, J.), rendered December 7, 1992, convicting him of robbery in the second degree (two counts), attempted robbery in the second degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Neither the fact that the complaining witnesses themselves had criminal records nor the existence of minor inconsistencies in the testimony renders the evidence legally insufficient (see, People v Titus, 125 AD2d 428; People v Peterson, 112 AD2d 172; People v Sutton, 108 AD2d 942; People v Oquendo, 133 AD2d 709). Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Scott, 168 AD2d 523). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the jury's verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

To the limited extent that the issue is preserved for our review, the remarks made by the prosecutor in summation constituted fair comment in response to those made by defense counsel (see, People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.