■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE MEJIA, Also Known as PHILLIPE MEJIA, Appellant. [633 NYS2d 157] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 20, 1993, convicting

defendant, after a jury trial, of three counts each of rape in the first degree, robbery in the first degree and burglary in the first degree, and one count of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years on the rape convictions, 9 to 18 years on the first degree robbery and burglary convictions, and 6 to 12 years on the second degree robbery conviction, unanimously affirmed.

Defendant's claim that the court improperly precluded his expert from giving an opinion about tests which were not performed by the prosecution experts was not preserved. Since defendant made no offer of proof, he failed to make known his position with respect to the court's ruling at a time when it could have been corrected (*People v George*, 67 NY2d 817, 819). Moreover, the stricken portion of the expert's answer was not responsive to the question asked, and defendant's present claim that these unnamed tests would have been relevant to the issue of identification which in this case involved three perpetrators is speculative at best (*see, People v Smith*, 204 AD2d 140, *lv denied* 84 NY2d 872).

Defendant's claims that the People's lay witnesses were improperly permitted to give a "psychiatric evaluation" of the complainant's apparent emotional state after the attack upon her, and that their descriptions of her crying and sobbing were prejudicial to him, were not preserved by the general objections registered thereto (*People v Tevaha*, 84 NY2d 879). Moreover, since defendant placed in issue whether any rape occurred, the complainant's prompt outcry and descriptions of her emotional state soon after the attack became relevant to material issues in the case (*People v Terrence*, 205 AD2d 301, *lv denied* 84 NY2d 873). Any issue raised by the People's introduction of portions of the complainant's Grand Jury testimony was not preserved by objection, and in any event its introduction was proper rebuttal to defendant's implication on cross-examination, based on other portions of the complainant's Grand Jury testimony, that the complainant's trial testimony was a recent fabrication (*People v Richards*, 184 AD2d 222, *lv denied* 80 NY2d 1029).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.