■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT FURMAN, Appellant. [637 NYS2d 388] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered October 22, 1992, convicting defendant, after a jury trial, of robbery in the first degree (four counts) and robbery in the second degree (two counts), and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years on the first-degree robbery convictions, and 7 to 14 years on the second-degree robbery convictions, unanimously affirmed.

Defendant's claim that the verdict was repugnant is unpreserved for appellate review since he failed to object to the verdict prior to the discharge of the jury (*People v Alfaro*, 66 NY2d 985), and we decline to review it in the interest of justice. We reject the argument that it was "unrealistic" to expect defendant to request resubmission to the jury since in this case defendant had been convicted on all counts in the indictment, eliminating any danger that an acquittal could be changed to a conviction on one or more counts (*compare, People v Sanchez*, 128 AD2d 377).

In any event, defendant's convictions on four counts of robbery in the first degree were not repugnant with the codefendant's acquittals on the same counts, even though defendant and his codefendant were convicted of robbery in the second degree while aiding each other (Penal Law § 60.10 [1]), since the jury's disparate findings can be reconciled in light of the court's charge (*see, People v Green*, 71 NY2d 1006). In any event, the jury was entitled to exercise leniency regarding the codefendant as it saw fit (*see, People v Tucker*, 55 NY2d 1, 7; *People v Rodriguez*, 179 AD2d 554). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.