■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALLAS YOUNG, Appellant. [638 NYS2d 630]

Defendant concedes that the evidence was sufficient to support the verdict but contends that the verdict was against the weight of the evidence. However, an independent review of the facts belies his contention (*People v Bleakley,* 69 NY2d 490). Although defendant challenges the veracity of the complainant's testimony, issues of credibility, as well as the weight to be accorded to the evidence presented, were for the jury to determine and its determination is to be accorded great weight on appeal (*People v Siu Wah Tse,* 91 AD2d 350, *lv denied* 59 NY2d 679).

The trial court properly exercised its discretion in swearing the 10 year old brother of the complainant as a witness (CPL 60.20 [2]) since the court, which was in the best position to determine the child's capabilities as a witness (*People v Parks,* 41 NY2d 36, 46), determined that he was sufficiently aware of the nature and obligations of telling the truth and of recalling and relating prior events (*People v Morales,* 80 NY2d 450). That the child did not know the meaning of the word "oath" and that the court did not inform him that he could face criminal sanctions for lying does not warrant a contrary result (*People v Mercado,* 157 AD2d 457, *lv denied* 75 NY2d 922; *People v McDaniel,* 165 AD2d 817, *lv denied* 76 NY2d 1023).

"[T]he law does not require that children define abstract concepts with the sophistication of an adult." (*People v Mercado, supra,* at 457.)

We also find that the motion to vacate judgment was properly denied. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.