■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY NIGRO, Appellant. [639 NYS2d 222] ■ Memorandum: We reject the contention of defendant that his conviction of burglary in the second degree following a nonjury trial is based on legally insufficient evidence and is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The resolution of credibility is for the trier of fact (*see, People v Sutton*, 108 AD2d 942; *People v La Borde*, 76 AD2d 869). We further reject the contention that defendant was denied a fair trial because County Court "deprived" defense counsel of the opportunity to give a summation. Defense counsel did not request an opportunity to give

a summation (*see generally, People v Parker*, 118 AD2d 598, *lv denied* 67 NY2d 1055). Moreover, immediately before resting his case, defense counsel moved to dismiss the indictment on the ground that the People failed to prove defendant's guilt beyond a reasonable doubt. Under those circumstances, defendant was not denied a fair trial when the court rendered its verdict without defense counsel having given a summation. Neither was defendant denied a fair trial by the failure of the court to advise defense counsel of the lesser included offenses it would consider. The record shows that the court considered criminal trespass as a lesser included offense at defense counsel's request. (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Callahan and Doerr, JJ.