■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACOB G. JOHNSON, Respondent. [640 NYS2d 336] —Crew III, J.

Appeal from an order of the County Court of Madison County (O'Brien, III, J.), entered June 12, 1995, which granted defendant's motion to dismiss the indictment.

On October 18, 1990, the Village of Canastota Police Department in Madison County received a report that a 10-year-old girl had been the victim of a rape. Officer David Van Dusen investigated the matter, interviewed the child and her mother, and learned that the incident had occurred just prior to Thanksgiving in 1989. Upon the advice of the District Attorney, a medical examination of the child was scheduled for the following day. When the appointment was missed, Van Dusen repeatedly attempted to locate the child's mother without success until December 1990, at which time the mother stated that the child had been relocated out of State to a location that she refused to disclose, that she refused to permit her daughter to be further involved with the investigation and prosecution, and that she wished the matter closed. The matter was then referred to child protective services, and the police file was closed pending further developments.

The police file remained inactive until the summer of 1994 when Van Dusen was subpoenaed to Family Court in a custody dispute involving the child, at which point he learned that she was then residing in a neighboring county. Further investigation at that time resulted in defendant's arrest on November 14, 1994 and his subsequent indictment for, *inter alia*, rape in the first degree. Defendant thereafter moved to dismiss the indictment and County Court, finding that the delay in prosecution constituted a denial of due process, granted the motion. The People appeal.

While an accused's primary protection against protracted delay in prosecution is the Statute of Limitations (*see, People v Fuller*, 57 NY2d 152, 159), an unreasonable and unjustifiable delay in prosecuting a defendant may constitute a denial of due process of law necessitating dismissal of the indictment (*see, People v Singer*, 44 NY2d 241, 253-254). However, "a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law" (*supra*, at 254). Here, the People lacked sufficient evidence to prosecute defendant without the victim. Given that, the mother's refusal to cooperate concerning the whereabouts of her daughter and the fact that defendant has established no special circumstances or prejudice impairing his right to a fair trial, we are of the opinion that defendant's due process rights have not been violated (*see, People v McNeill*, 204 AD2d 975, *lv*

*denied* 84 NY2d 829; *People v Washington*, 177 AD2d 1025, *lv denied* 79 NY2d 924). Accordingly, we reverse County Court's order dismissing the indictment.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.