■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SCOGGINS, Appellant. [642 NYS2d 255] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered January 5, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's claim that the police officer's testimony was incredible, inconsistent and undermined by plausible defense testimony raises issues of credibility that were properly placed before the jury, and we find no reason to disturb its determination (*see, People v Young*, 225 AD2d 339). Defendant's other claim that he was deprived of a fair trial by the prosecutor's summation was not preserved by a request for further relief after an objection was sustained (*People v Balls*, 69 NY2d 641; *People v Tardbania*, 72 NY2d 852), and we decline to review it in the interest of justice. If we were to review it, we would find that while it was improper for the prosecutor to comment that, in order to believe the defense, the jury would have to be "convinced of that beyond a reasonable doubt in a way" that the arresting officer was lying,

reversal is not warranted, since the comment was an isolated one that was immediately withdrawn after defendant's objection was sustained (*cf., People v Kent*, 125 AD2d 590; *People v Bussey*, 62 AD2d 200), and any prejudice was obviated by the court's final instructions. We would also find that reversal is not warranted by the prosecutor's *Sandoval* violation, which, in view of its minor nature, the court's prompt response to it after defendant's objection, and the court's later instructions that defendant's conviction could only be used to determine his credibility, also resulted in no such substantial prejudice *(see, People v Berard*, 112 AD2d 470; *People v Velez*, 223 AD2d 414). Finally, we would find that the prosecutor's characterization of defense testimony as "nonsense" and a "so-called story" was permissible in light of defendant's attack on the veracity of the arresting officer's testimony and within the broad bounds of rhetorical comment allowed in closing argument (*see, People v Galloway*, 54 NY2d 396, 399). Concur—Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.