THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIUD BENITEZ, Also Known as ELLIOT BENITEZ, and LUIS BENITEZ, Appellants. [652 NYS2d 963] —Judgments, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered February 27, 1995, convicting defendant Elliot Benitez of robbery in the first degree and defendant Luis Benitez of robbery in the second degree and sentencing them to terms of $3^1/_3$ to 10 years and 2 to 6 years, respectively, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. The conflicts in testimony presented credibility issues for resolution by the jury and we decline to disturb its findings (*People v Bleakley*, 69 NY2d 490; *People v Scoggins*, 227 AD2d 204, *lv denied* 88 NY2d 994).

Were we to review defendants' unpreserved claim of inconsistent or repugnant verdicts, we would find that "the jury's disparate findings can be reconciled in light of the court's charge" (*People v Furman*, 224 AD2d 188, *lv denied* 88 NY2d 878).

Defendants were not deprived of a fair trial by the prosecutor's summation. Any prejudice that might have resulted from certain remarks stricken by the court was eliminated by the court's instructions (*People v Trail*, 172 AD2d 320, *lv denied* 78 NY2d 975; *People v Cuevas*, 232 AD2d 234). The remaining remarks challenged on appeal were fair comment.

Defendants failed to preserve their present claim that the court improperly precluded them from eliciting, through a defense witness, statements made by an investigating officer to this witness on the night of the robbery (*People v Mejia*, 221 AD2d 182, *lv denied* 87 NY2d 975) and we decline to review it in the interest of justice. Moreover, by failing to make an offer of proof regarding the substance of the conversation, defendants have failed to provide an adequate record upon which to review the claim on appeal (*People v Gonzalez*, 225 AD2d 417, *lv denied* 88 NY2d 936). In any event, defendants failed to lay

a proper foundation for introduction of these statements upon the theory asserted on appeal. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.