■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RIDDICK, Appellant. [668 NYS2d 485] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered May 13, 1996, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly found that the police had probable cause to effect his warrantless arrest (*see, People v Bigelow,* 66 NY2d 417; *People*

*v McRay,* 51 NY2d 594; *People v Carrasquillo,* 54 NY2d 248; *People v Grams,* 166 AD2d 717; *People v Cunningham,* 135 AD2d 725; *People v Gittens,* 211 AD2d 242; *People v Tolentino,* 40 AD2d 596). Therefore, his application for suppression of identification evidence was properly denied.

Having failed to raise the issue of repugnancy of the verdict prior to the dismissal of the jury, the defendant's claim is unpreserved for appellate review (*see, People v Alfaro,* 66 NY2d 985; *People v Cabrera,* 221 AD2d 461). In any event, the jury's verdict convicting him of attempted robbery in the first and second degrees but convicting his codefendant only of attempted robbery in the second degree was not repugnant in light of the court's jury charge (*see, People v Tucker,* 55 NY2d 1; *People v Furman,* 224 AD2d 188; *People v Collado,* 187 AD2d 444).

The defendant's remaining contentions lack merit (*see, People v Vasquez,* 88 NY2d 561; *People v Brown,* 70 NY2d 513; *People v Galloway,* 54 NY2d 396; *People v Edwards,* 47 NY2d 493; *People v Ashwal,* 39 NY2d 105). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.