■ The People of the State of New York, Respondent, v Kenneth Bingham, Appellant. [783 NYS2d 888]—

Crew III, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 25, 2003, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was indicted and charged with promoting prison contraband in the first degree by reason of his possession of a seven-inch sharpened plastic shank discovered after a pat frisk as defendant was proceeding to the facility's recreation area. Following an unsuccessful attempt to have the indictment dismissed on the basis of preindictment delay, defendant was

convicted as charged and thereafter was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 2½ to 5 years. Defendant now appeals.

We affirm. The record reveals that defendant was discovered in possession of a shank on December 27, 2001. The incident was reported to the State Police on July 15, 2002 and was referred to the District Attorney three days later. On August 8, 2002, seven months and 12 days after the incident occurred, the matter was presented to the grand jury. While it is axiomatic that an unreasonable and unjustifiable delay in prosecuting a defendant may necessitate dismissal of an indictment (*see People v Johnson*, 226 AD2d 806, 807 [1996], *lv denied* 88 NY2d 937 [1996]), the minimal delay here did not result in a deprivation of defendant's due process rights (*see e.g. People v Chiovaro*, 279 AD2d 806 [2001], *lv denied* 96 NY2d 827 [2001] [six-month delay]; *People v Allah*, 264 AD2d 902 [1999] [nine-month delay]; *People v Cooper*, 258 AD2d 815 [1999], *lv denied* 93 NY2d 1016 [1999] [seven-month delay]).

We likewise reject defendant's contention that his constitutional due process rights were violated by reason of the correctional facility's failure to preserve a videotape of defendant's interview with a correction officer at the special housing unit. It is unclear from a review of the record whether such videotape ever existed but, assuming that it did, we need note only that we previously have held that the Department of Correctional Services acts as an administrative agency when it maintains surveillance cameras and that its "alleged failure to maintain [a] videotape may not be imputed to the People or form the basis of a sanctionable constitutional violation of defendant's rights" (*People v Ross*, 282 AD2d 929, 931 [2001], *lv denied* 96 NY2d 907 [2001]). We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.